**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Lamar RUSHING,**
**Defendant–Appellant.**

No. 06–5089.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 2006.

---

Kevin C. Danielson, Lucy O. Roberts, Asst. U.S. Attorney, Office of the United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Paul D. Brunton, Fed. Public Defender, Barry L. Derryberry, Asst. FPD, Robert Ridenour, Federal Public Defender Office, Tulsa, OK, for Defendant–Appellant.

Before TACHA, Chief Circuit Judge, ANDERSON, Circuit Judge, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a jury trial, Timothy Rushing was found guilty of possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (count 1); carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2 (count 2); brandishing, using and carrying a firearm during the carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count 3); committing a Hobbs Act robbery of a convenience store and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (count 4); and brandishing, using and carrying a firearm during the Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count 5). Rushing was sentenced to 100 months on counts 1, 2 and 4, all to run concurrently; eighty-four months on count 3, to run consecutive to the other counts, and 300 months on count 5, to run consecutively to the other counts. This totaled 484 months. He was also sentenced to a total of five years of supervised release, fined $3000 and directed to pay $280 in restitution. This appeal followed. We affirm his conviction.

## BACKGROUND

At approximately 5:50 a.m. on June 19, 2005, two black males entered a Kum & Go

* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

convenience store in Tulsa, Oklahoma, where Christopher Archie was the shift manager. The first male was approximately six feet tall, and wore a black sweatshirt, black pants, black gloves and white shoes. He had a black ski mask on his face, which revealed an oval section of his face, from his bottom lip to above his eyebrows. This man also carried a black 9 mm. gun. The second male was shorter and was wearing blue jeans and a white hooded sweatshirt, had a blue bandana over his face and was also wearing white shoes. He was carrying a sawed-off shotgun or rifle. At trial, Archie identified the taller man as defendant Rushing.

Archie testified that Rushing approached another employee in the store and ordered him to "get on the ground." Tr. of Proceedings at 19, R. Vol. IV. He then approached Archie, pointed his 9 mm. gun at Archie's head, and told him to give him the keys to Archie's Ford Explorer which was parked outside the store. When Archie told Rushing that he did not have the keys, Rushing demanded them again and Archie gave the keys to Rushing. Archie testified that he gave the robber his car keys "[b]ecause he had a gun to my head. I was afraid I was going to get shot or killed." *Id.* at 20.

Archie also testified that Rushing demanded the money on the store's cash register. When Archie put the money on the counter, "[b]ecause [Rushing] had a gun pointed at me [and] I didn't want to get shot[,]" *id.* at 21, the second shorter man took the money. Both men then left the store and appeared to go in different directions. Rushing re-entered the store shortly thereafter, however, and demanded that Archie accompany him outside to unlock the Ford Explorer. Archie refused to leave the store, but he did get Rushing to hand him the keys so he could unlock the car with the remote switch on the keys.

Rushing then left the store and drove off in Archie's Explorer.

At 7:00 a.m. that same day, Big City, Oklahoma, Police Chief David Dubois was on patrol when he noticed a black Ford Explorer with no license plate. He stopped the vehicle, which was being driven by defendant Rushing. Dubois arrested Rushing for driving under the influence. At the time, Rushing was wearing a white T-shirt, dark jeans and white tennis shoes. When Rushing told Dubois that there was a gun under the car seat, the officer found a loaded black 9 mm. pistol. The officer also found a pair of brown gloves, but did not find a black sweatshirt, or a ski mask or black gloves, as Archie had described the robber as wearing. Dubois determined that the Explorer belonged to Archie. Dubois further testified that he determined that it would take approximately forty-two minutes to drive from the scene of Rushing's arrest to the Kum & Go where the robbery occurred earlier that morning.

Additionally, Archie identified Rushing from a photographic line-up. At trial, various witnesses testified that the Explorer and the 9 mm. pistol were manufactured outside of Oklahoma and had traveled in interstate commerce. The jury also was shown a video recording of the robbery. The parties stipulated that Rushing was a convicted felon at the time of the robbery. Rushing presented no witnesses. This appeal followed the jury's conviction of Rushing on all counts with which he was charged.

On appeal, Rushing argues that his two convictions under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during the violent crimes of robbery and carjacking violate the Double Jeopardy Clause. More specifically, he argues that "[s]ince carjacking and robbery, both involving the same victim, are merely varia-

tions of robbery, each offense does not require proof of an element that the other lacks" so that under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), two § 924(c)(1)(A)(ii) convictions for brandishing a weapon in the course of committing both offenses constitutes a violation of the Double Jeopardy Clause. Rushing accordingly seeks to have his conviction for count 5 (brandishing a firearm during the commission of the robbery) vacated.

## DISCUSSION

We review de novo claims that the Double Jeopardy Clause was violated. *United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir.2001). The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This protection apples not only to successive prosecutions, but also to successive punishments for the same offense." *Morris*, 247 F.3d at 1083. We have stated that "a person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *United States v. Pearson*, 203 F.3d 1243, 1267–68 (10th Cir.2000) (citing *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180).

Before trial, Rushing moved to dismiss either count 3 or count 5, alleging that the charges violated the Double Jeopardy Clause because they were a single offense of brandishing a firearm arising from the continuous act of armed robbery and carjacking. The district court held an evidentiary hearing on the motion to dismiss, at the end of which it denied the motion. The court concluded, relying on our decision in *United States v. Malone*, 222 F.3d 1286 (10th Cir.2000), that the two predi-

cate offenses, robbery and carjacking, are two separate crimes of violence and thus each can support a § 924(c)(1)(A)(ii) conviction. At the end of the government's case, Rushing renewed his motion to dismiss one of the two § 924(c) counts, which the district court again denied, holding that the government's evidence "clearly indicates two separate acts and ... the Court's initial ruling on this matter was correct." Tr. of Hr'g at 145, R. Vol. III.

The district court correctly held that the offenses of carjacking and a Hobbs Act robbery "require[ ] proof of a different element," *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180, such that they can each support a § 924(c)(1)(A)(ii) conviction. To convict Rushing of carjacking, in violation of 18 U.S.C. § 2119, "the government was required to prove beyond a reasonable doubt the following elements: (1) that [Rushing] took a motor vehicle from the person or presence of another; (2) that he did so by force, violence or intimidation; (3) that [Rushing] intended to cause death or serious bodily harm; and (4) that the motor vehicle had been transported, shipped or received in interstate or foreign commerce." *United States v. Gurule*, 461 F.3d 1238, 1243 (10th Cir.2006). To prove a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, the government was obligated to prove the following three elements: "first, the taking of property from another against that person's will; second, the use of actual or threatened force, violence or fear of injury; and third, that the conduct obstructed, delayed, interfered with or affected commerce." *United States v. Wiseman*, 172 F.3d 1196, 1215 (10th Cir.1999). As indicated, Rushing argues that because the carjacking and the robbery were part of one continuous act involving one victim and one weapon, they were not two separate offenses for the purpose of serving as the predicates to two § 924(c) convictions.

As the district court observed, we addressed this very argument in *Malone.* The defendant in *Malone* was, like Rushing, convicted of, *inter alia,* carjacking and a Hobbs Act robbery, as well as several counts of possession of a firearm during a crime of violence, two of which were based upon the predicate offenses of carjacking and robbery. Again like Rushing, Malone argued that "18 U.S.C. § 924(c) does not authorize two convictions when the two predicate offenses, the ... robbery and the carjacking, were part of a continuous course of conduct." *Malone,* 222 F.3d at 1292. Applying the *Blockburger* test to the two predicate offenses, we held that "[i]t is undisputed that section 1951 and 2119 are directed at different types of conduct and require proof of different elements." *Id.* at 1294.[1] Accordingly, the trial court did not err "in determining that two convictions were authorized under the language of section 924(c)." *Id.*[2]

Rushing concedes that this panel of our court is unable to overturn or ignore a prior panel decision, but nonetheless asks us to ignore *Malone* "for purposes of subsequent appellate opportunities." Appellant's Br. at 12. That we cannot do.

## CONCLUSION

For the foregoing reasons, Rushing's conviction and sentence are AFFIRMED.[3]

---

1. As we noted in *Malone,* the carjacking statute, § 2119, contains an intent element: "the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Malone,* 222 F.3d at 1291. The Hobbs Act robbery statute, § 1951, contains no such requirement.

2. Rushing urges us to follow *United States v. Chalan,* 812 F.2d 1302 (10th Cir.1987), in which we found the imposition of consecutive § 924(c) convictions did violate the Double Jeopardy Clause under the particular circumstances of that case. *Chalan* is distinguishable. In *Chalan,* the defendant was convicted of felony murder while committing a robbery and of robbery, as well as of two § 924(c) violations. He was sentenced to concurrent sentences for the felony murder and the robbery convictions, but was sentenced to two consecutive terms for the § 924(c) convictions. He argued that "Congress did not intend to impose consecutive sentences for two violations of section 924(c) when consecutive sentences may not be imposed for the two underlying offenses." *Id.* at 1316. Applying the *Blockburger* test, we determined that the predicate offenses of felony murder while committing a robbery and robbery constituted a single crime of violence under § 924(c), and thus the Double Jeopardy Clause was violated. As we have explained, and as we already have so held in *Malone,* carjacking and a Hobbs Act robbery do not constitute a single crime of violence. *See Malone,* 222 F.3d at 1293 (discussing and distinguishing *Chalan*).

3. Rushing has filed a motion seeking permission to file a separate pro se brief making additional arguments on appeal. The motion has been referred to the panel. Because Rushing was fully represented on appeal by the Federal Public Defender, who has filed a brief on Rushing's behalf, we deny his motion to separately file a brief.